COOLEY LLP
THOMAS J. FRIEL, JR. (80065)
(tfriel@cooley.com)
REUBEN H. CHEN (228725)
(rchen@cooley.com)
CARRIE J. RICHEY (270825)
(crichey@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

Attorneys for Defendant
Twilio Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELESIGN CORPORATION,<br><br>            Plaintiff,<br><br>    v.<br><br>TWILIO INC.,<br><br>            Defendant. | Case No. 2:15-cv-03240-PSG-SS<br><br>**DEFENDANT TWILIO INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: October 19, 2015<br>Time: 1:30 p.m.<br>Dept.: 880<br><br>Honorable Philip S. Gutierrez<br><br>JURY TRIAL DEMANDED |

**TO ALL PARTIES HEREIN AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on October 19, 2015, at 1:30 p.m. or as soon thereafter as the matter may be heard before the Honorable Philip S. Gutierrez in Courtroom 880 of the United States District Court for the Central District of California, Western Division, located at 255 East Temple Street, Los Angeles, California, 90012-3332, Defendant Twilio Inc. ("Twilio") will move and hereby does move as follows. This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on August 4, 2015.

## MOTION

Defendant Twilio hereby moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(3), to dismiss this action for improper venue or in the alternative, to transfer this action to the Northern District of California  pursuant to 28 U.S.C. § 1406(a).

This Motion is based on this Notice, the Memorandum of Points and Authorities, the supporting Declaration, Request for Judicial Notice and exhibit filed simultaneously herewith, the pleadings, records and other papers on file in this action, and upon such further evidence or argument as may be presented at or before the hearing of this Motion.

Dated:  August 12, 2015

Respectfully Submitted:

COOLEY LLP
THOMAS J. FRIEL, JR. (80065)
REUBEN H. CHEN (228725)
CARRIE J. RICHEY (270825)


By: */s/ Thomas J. Friel, Jr.*
    Thomas J. Friel, Jr.

Attorneys for Defendant
Twilio Inc.

# Table of Contents

**Page**

I.   INTRODUCTION ................................................................................. 1

II.  RELEVANT FACTS ........................................................................... 3

III. VENUE IS IMPROPER IN THE CENTRAL DISTRICT OF
CALIFORNIA UNDER 28 U.S.C. § 1400(B) ................................... 4

A.   28 U.S.C. § 1400(b) Controls Venue in Patent Infringement
Suits ........................................................................................ 5

B.   The Federal Circuit's Decision in *VE Holding* Supplements the
Definition of "Resides" in § 1400(b) with the General Venue
Provision of 1391(c) ................................................................ 7

C.   The Federal Courts Jurisdiction and Venue Clarification Act of
2011 Expressly Limits the General Venue Statue of 1391(c) .............. 8

D.   The Supreme Court's 2013 Decision in *Atlantic Marine*
Confirms § 1391 Applies Only When a More Specific Venue
Provision Does Not ................................................................. 9

E.   The Venue Clarification Act Supersedes VE Holding ....................... 10

F.   Venue Over Twilio Is Improper in this District Under § 1400(b) ...... 11

IV.  CONCLUSION .............................................................................. 12

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**MOTION TO DISMISS, OR ALT TRANSFER**
**2:15-CV-03240-PSG-SS**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Atl. Marine Constr. Co. v. U. S. District Court*,
134 S. Ct. 568 (2013) ..................................................................... 3, 9, 10

*Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*,
406 U.S. 706 (1972) .......................................................................... 6, 10

*In re Cordis Corp.*,
769 F.2d 733 (Fed. Cir. 1985) ......................................................... 2, 6, 11

*Fourco Glass Co. v. Transmirra Prods. Corp.*,
353 U.S. 222 (1957) ..........................................................................*passim*

*Schnell v. Peter Eckrich & Sons, Inc.*,
365 U.S. 260 (1961) ................................................................................ 5, 6

*Stonite Prods. Co. v. Melvin Lloyd Co.*,
315 U.S. 561 (1942) ................................................................................... 5

*VE Holding Corp. v. Johnson Gas Appliance Co.*,
917 F.2d 1574 (Fed. Cir. 1990) ............................................................... 2, 7

**Statutes**

28 U.S.C. § 1391 ....................................................................................*passim*

28 U.S.C. § 1400(b) ...............................................................................*passim*

28 U.S.C. § 1406(a) ............................................................................ 2, 4, 11

**Other Authorities**

H. Judiciary Comm. Rep. No. 112-10 to accompany H.R. 394 ................................. 8

H.R. Rep. No. 112-10 (2011), *reprinted in* 2011 U.S.C.C.A.N. 576 ........................ 3

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

iii

**MOTION TO DISMISS, OR ALT TRANSFER**
**2:15-CV-03240-PSG-SS**

## MEMORANDUM OF POINTS AND AUTHORITIES

This motion appears to present a question of first impression:

Whether the *patent-specific venue statute of Title 28 U.S.C. Section 1400(b)* is the exclusive venue statute for patent infringement lawsuits following the Federal Courts Jurisdiction and Venue Clarification Act of 2011 which amended the general venue statute of Section 1391 to apply in all civil cases "[e]*xcept as otherwise provided by law*", or whether Section 1391 supplements the definition of "resides" under the patent-specific venue statute of Section 1400(b).

As explained below, the answer to this question today is the same as it was in 1957 when the Supreme Court decided the same issue—"no." *Fourco Glass Co. v. Transmirra Prods. Corp*., 353 U.S. 222, 229 (1957) ("*Fourco*") ("28 U.S.C. § 1400(b) is the sole and exclusive provision controlling venue in patent infringement actions, and that it is not to be supplemented by the provisions of 28 U.S.C. § 1391(c)"). Accordingly, Defendant Twilio Inc. ("Twilio") respectfully moves to dismiss this action for improper venue under Federal Rule of Civil Procedure 12(b)(3), or in the alternative, to transfer this action to the Northern District of California ("Northern District") pursuant to 28 U.S.C. § 1406(a).

## I.   INTRODUCTION

TeleSign Corporation ("TeleSign"), brought this action for patent infringement against San Francisco-based Twilio. Without citing to any venue statute, TeleSign's First Amended Complaint ("FAC"), alleges venue is proper "because Twilio is responsible for acts of infringement" in this District, "has delivered or caused to be delivered infringing products or services" in this District, and because "TeleSign is headquartered in [this District], where the harm from Twilio's infringement has been and is being felt." (FAC, ¶ 9.)

Title 28 U.S.C. Section 1400(b) is the sole and exclusive provision controlling venue in patent infringement actions. Under this special venue statute,

venue is proper only in (1) "the judicial district where the defendant <u>resides</u>" or (2) "where the defendant has committed acts of infringement and has <u>a regular and established place of business</u>."   28 U.S.C. § 1400(b) (emphasis added).   The allegations satisfy neither test of Section 1400(b).   Twilio is incorporated in Delaware, not California, and therefore, does not "reside" in the Central District of California ("Central District") under Section 1400(b). Twilio also has no offices in the Central District, and therefore, has no "regular and established place of business" in this district.   Accordingly, venue is improper and the present action must be either dismissed under Federal Rule of Civil Procedure 12(b)(3), or in the alternative, transferred to the Northern District under 28 U.S.C. § 1406(a).

The Supreme Court has held that Section "28 U.S.C. § 1400(b) is the sole and exclusive provision controlling venue in patent infringement actions, and that it is not to be supplemented by the provisions of 28 U.S.C. § 1391(c)." *Fourco*, 353 U.S. at 229.   The Court further held that a patent case defendant "resides" only in the state of incorporation.   *Id.* at 226; *see also In re Cordis Corp.*, 769 F.2d 733, 735 (Fed. Cir. 1985) ("For purposes of the patent venue statute, a corporation is a resident only of the state in which it is incorporated." (citing *Fourco*)).   Under *Fourco*, Delaware corporations do not "reside" in California.   That leaves only the second prong of Section 1400(b), that cannot be met here either because Twilio has no "regular and established place of business" in this District.

The Supreme Court's ruling remained undisturbed for nearly 40 years, until the Federal Circuit in *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (Fed. Cir. 1990) ("*VE Holding*") held that a 1988 amendment to the general venue statute resulted in 28 U.S.C. § 1391(c) supplementing § 1400(b). Specifically, in the absence of Congressional intent, the Federal Circuit held the newly added clause "[f]or purposes of venue under this chapter" to the beginning of § 1391(c) meant § 1391(c) supplemented § 1400(b), a specific venue statute in the same chapter.   *Id.*, 917 F.2d at 1578.

Whether or not *VE Holding* was ever good law, in 2011, Congress passed the Federal Court's Clarification and Venue Clarification Act of 2011 to make clear that Section 1391 is merely a general venue statute that does not modify or displace more specialized venue statutes—such as Section 1400(b).  Congress rewrote almost all of Section 1391.  Importantly, Congress added a new provision to Section 1391 to spell out Section 1391 governs venue in civil actions "[e]xcept as otherwise provided by law." 28 U.S.C. § 1391(a).  As explained in the legislative history and by recent Supreme Court authority explain, this section was designed to clarify that Section 1391 is merely a general venue statute that does not modify or displace more specialized venue statutes.  *See* H.R. Rep. No. 112-10, at 18 & n.8 (2011), *reprinted in* 2011 U.S.C.C.A.N. 576; *Atl. Marine Constr. Co. v. U. S. District Court*, 134 S. Ct. 568, 577 n.2 (2013) ("Section 1391 governs 'venue generally,' that is, <u>in cases where a more specific venue provision does not apply</u>.  Cf., *e.g.*, § <u>1400</u> (identifying <u>proper venue</u> for <u>copyright</u> and <u>patent</u> <u>suits</u>).") (emphasis added).

Congress has not changed the language of 1400(b) since *Fourco*.  As a result of the 2011 amendment, Section 1391(c) and *VE Holding* can no longer define what it means for a defendant to "reside" in a judicial district for purposes of Section 1400(b).  As explained below, the effect of the 2011 statute was to reinstate *Fourco* and restore the law of patent venue to where it stood prior to *VE Holding*.  Because Twilio does not satisfy either prong of Section 1400(b) under *Fourco*, this action must be dismissed, or in the alternative, transferred to the Northern District.

## II.   RELEVANT FACTS

TeleSign filed a Complaint alleging direct infringement of claims of three patents.  On July 15, 2015, TeleSign filed an amended complaint adding active inducement allegations. (FAC, ¶¶ 4, 14-82.)  Twilio is a Delaware Corporation with headquarters in San Francisco, California.  (*See* Declaration of Michael Bratsafolis

("Bratsafolis Decl.") ¶ 2.)   Twilio has no offices in the Central District and no employees who work in this District.  (*Id*. at ¶ 3.)  Twilio has hired one person whose address is in the Central District, but has only worked out of Twilio's San Francisco office, and is in the process of relocating to San Francisco.  (*Id*. at ¶ 4.)

The FAC does not allege that Twilio is incorporated in California or has any "regular and established place of business" in this District under 28 U.S.C. § 1400(b).  It instead alleges venue is proper in the Central District because:

- Twilio is responsible for acts of infringement occurring in the Central District,
- Twilio  has delivered or caused to be delivered infringing products or services in the Central District, and
- TeleSign is headquartered in the Central District, where harm from Twilio's infringement has been and is being felt.

(FAC, ¶ 9.)

### III.   VENUE IS IMPROPER IN THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1400(B)

Because Twilio is not incorporated in California, and does not have a "regular and established place of business" in the Central District, venue is improper under 28 U.S.C. § 1400(b) as interpreted by the Supreme Court in *Fourco*.   The present action must therefore be dismissed, or alternatively, transferred to the Northern District where it could have been brought.  *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

## A.     28 U.S.C. § 1400(b) Controls Venue in Patent Infringement Suits

The Supreme Court for decades has interpreted Section 1400(b) as the sole and exclusive provision governing venue in patent infringement actions. The Supreme Court observed that the statute intent was straightforward: "Congress adopted the predecessor to § 1400(b) as a special venue statute in patent infringement actions to eliminate the 'abuses engendered' by previous venue provisions allowing such suits to be brought in any district in which the defendant could be served." *Schnell v. Peter Eckrich & Sons, Inc.*, 365 U.S. 260, 262 (1961) (citation omitted). In light of this purpose, the Supreme Court repeatedly resisted efforts to expand venue in patent cases.

For example, in *Stonite Products Co. v. Melvin Lloyd Co.*, 315 U.S. 561 (1942), the Supreme Court held that Section 48 of the Judicial Code—the direct predecessor to 28 U.S.C. § 1400(b)—was the sole and exclusive statutory provision governing venue in patent infringement actions. *Id.* at 563. The Court held that Congress did not intend Section 48 to be affected by more general statutes governing venue in civil cases. "Congress did not intend the Act of 1897 to dovetail with the general provisions relating to the venue of civil suits, but rather that it alone should control venue in patent infringement proceedings." *Id.* at 565-66.

As the result of a 1948 revision of the Judicial Code, the patent venue statute was relocated to 28 U.S.C. § 1400(b), and the general venue statute to 28 U.S.C. § 1391, where they remain today. In *Fourco*, the Supreme Court directly confronted the question of whether the definition of corporate residency under the general venue statute, 28 U.S.C. § 1391(c), applied to venue in patent infringement actions under Section 1400(b). Section 1391(c) at the time of the *Fourco* decision provided that: "'A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is <u>doing business</u>, and such judicial

district shall be regarded as the residence of such corporation for venue purposes.'" *Fourco*, 353 U.S. at 223 (quoting 28 U.S.C. § 1391(c) (1948)) (emphasis added). In other words, under Section 1391(c) at the time of *Fourco*, a corporation was regarded as residing, "for venue purposes," in any district in which it was "doing business."

But the Supreme Court held that this expansive definition of corporate residency did **not** apply to patent infringement cases under Section 1400(b). The Court held that "it is clear that § 1391(c) is a general corporation venue statute, whereas <u>§ 1400(b) is a special venue statute applicable, specifically, to all defendants in a particular type of actions, i.e., patent infringement actions.</u>" *Id.* at 228 (emphasis added). The Court concluded that 28 U.S.C. § 1400(b) "is the sole and exclusive provision controlling venue in patent infringement actions, and that it is not to be supplemented by the provisions of 28 U.S.C. § 1391(c) . . . ." *Id.* at 229. The Court also made clear that a corporate defendant "resides" only in the state in which it is incorporated. *Fourco*, 353 U.S. at 226; *see also In re Cordis Corp.*, 769 F.2d at 735 ("For purposes of the patent venue statute, a corporation is a resident only of the state in which it is incorporated." (citing *Fourco*)).

*Fourco* and *Stonite* established and reaffirmed the Supreme Court's position that patent-specific venue statutes stand alone and may not be expanded by more general statutory provisions governing venue in civil suits. The Supreme Court subsequently summarized *Fourco* and *Stonite* by observing that patent infringement statutes are "in a class by themselves, outside the scope of general venue legislation." *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 713 (1972); *see also Schnell*, 365 U.S. at 262-63.

/ / /

/ / /

/ / /

**B.** **The Federal Circuit's Decision in *VE Holding* Supplements the Definition of "Resides" in § 1400(b) with the General Venue Provision of 1391(c)**

In 1988, Congress amended Section 1391(c) to provide: "For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *VE Holding*, 917 F.2d at 1578 (quoting 28 U.S.C. § 1391(c) (1988)).  The panel in *VE Holding* addressed the question of whether the amended Section 1391(c) expanded the permissible venue in patent infringement cases under Section 1400(b).

The Federal Circuit began its decision in *VE Holding* by acknowledging that "[f]or almost one hundred years, a specific statutory provision, currently section 1400(b) of chapter 87, title 28, U.S. Code, has set forth the bases for establishing venue in patent infringement actions." *VE Holding*, 917 F.2d at 1575.  The Court further observed that "[t]he Supreme Court's decision in *Fourco* is generally viewed as holding that § 1400(b) is the 'exclusive' venue statute in patent infringement actions." *Id.* at 1579.

The Federal Circuit nonetheless held that the 1988 amendment to Section 1391(c) superseded *Fourco*.  The panel relied on the phrase, "[f]or purposes of venue under this chapter," which it characterized as "exact and classic language of incorporation." *VE Holding*, 917 F.2d at 1579.  The panel reasoned that "[t]he phrase 'this chapter' refers to chapter 87 of title 28, which encompasses §§ 1391–1412, and thus includes § 1400(b)." *VE Holding*, 917 F.2d at 1578.  "On its face," the panel concluded, "§ 1391(c) clearly applies to § 1400(b), and thus redefines the meaning of the term 'resides' in that section." *VE Holding*, 917 F.2d at 1578.  As a result of *VE Holding*, venue for a corporate defendant in a patent case generally lied in any district in which it was subject to personal jurisdiction.

**C.     The Federal Courts Jurisdiction and Venue Clarification Act of 2011 Expressly Limits the General Venue Statue of 1391(c)**

On December 7, 2011, Congress passed the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("Venue Clarification Act").  The House Report accompanying the Venue Clarification Act explained the act was enacted to "bring[] more clarity to the operation of Federal jurisdictional statutes and facilitate[] the identification of the appropriate State or Federal court where actions should be brought."  H. Judiciary Comm. Rep. No. 112-10 to accompany H.R. 394, at 1 (attached as Exhibit A to the Request for Judicial Notice being filed concurrently herewith) ("House Report").

The Venue Clarification Act made a number of changes to jurisdictional and venue statutes in Title 28, including a wholesale rewrite of 28 U.S.C. § 1391(a)-(c). Section 1391 now begins with a new subsection that expressly defines *and limits* its applicability and scope:

**28 U.S.C. § 1391 – Venue generally**

(a)      **Applicability of section**. -- *Except as otherwise provided by law* --

    (1)     this section shall govern the venue of all civil actions brought in district courts of the United States; and

    (2)     the proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature.

28 U.S.C. § 1391(a) (emphasis added).

Section 1391(a) by its plain terms defines the "applicability" of the entirety of Section 1391. The key phrase in Section 1391(a) is shown in italics above, "[e]xcept as otherwise provided by law."  As explained in more detail below, this subsection makes clear that Section 1391 defines only default rules for venue in

civil cases generally, and does not apply where venue is governed by a more specific statute, *i.e.,* is "otherwise provided by law."

The legislative history of the Venue Clarification Act confirms this common sense reading of Section 1391(a). As explained in the House Report accompanying the Venue Clarification Act: "New paragraph 1391(a)(1) would follow current law in providing the <u>general requirements for venue choices, but would not displace the special venue rules that govern under particular Federal statutes</u>." House Report at 18 (emphasis added). The House Report further noted that "there are over 200 specialized venue statutes in the United States Code. These specialized statutes would continue to govern within their respective fields, and the general venue statute would govern diversity and Federal question litigation outside these special areas." *Id.* at 18 n.8 (emphasis added). With these amendments, Congress made its intent crystal clear—as its title indicates, Section 1391 provides only "general" venue rules, and does not displace, modify or supplant more specific venue statutes—of which Section 1400(b) is one.

### D.   The Supreme Court's 2013 Decision in *Atlantic Marine* Confirms § 1391 Applies Only When a More Specific Venue Provision Does Not

Following the Venue Clarification Act, the Supreme Court recognized the general venue statute does not apply when a more specialized venue statute governs. In *Atlantic Marine*, 134 S. Ct. 568, the Supreme Court addressed whether a motion to dismiss based on a forum selection clause was subject to dismissal for "improper" venue. In determining the appropriate venue statute, the Supreme Court observed under the Venue Clarification Act, citing the new Section 1391(a)(1), "Section 1391 governs 'venue generally,' that is, <u>in cases where a more specific venue provision does not apply</u>." *Atl. Marine,* 134 S. Ct. at 577 n.2 (emphasis added). The Supreme Court then immediately cited to the patent venue provision in

Section 1400 as an example of a more specific venue provision. *Atl. Marine,* 134 S. Ct. at 577 n.2 ("Cf., *e.g.*, § 1400 (identifying proper venue for copyright and patent suits).") (underlining emphasis added). The decision in *Atlantic Marine* strongly indicates the Supreme Court's acknowledgement that Section 1391 supplies only general venue rules and does **not** apply to patent infringement suits.

### E.    The Venue Clarification Act Supersedes *VE Holding*

The Venue Clarification Act makes clear that Section 1391 applies only to venue generally, and does **not** "displace the **special venue rules** that govern under particular Federal statutes." House Report at 18 (emphasis added); *Atl. Marine*, 134 S. Ct. at 577 n.2. Under longstanding Supreme Court precedent, Section 1400(b) is clearly a "special venue rule," and thus, cannot be expanded by the more expansive definition of corporate residency in Section 1391(c)(2).

The Supreme Court has repeatedly characterized Section 1400(b) as the type of special venue statute to which Section 1391(c)(2) does not apply. As the Supreme Court explained, "it is fair to say, as the Court did in *Stonite* and *Fourco*, that in 1897 Congress placed patent infringement cases in a class by themselves, outside the scope of general venue legislation." *Brunette Mach. Works, Ltd*., 406 U.S. at 713 (emphasis added). The Supreme Court directly held in *Fourco* that "§ 1391(c) is a general corporation venue statute, whereas § 1400(b) is a special venue statute applicable specifically to all defendants in a particular type of actions, i.e., patent infringement actions." 353 U.S. at 228 (emphasis added).

Section 1400(b) was not amended by the Venue Clarification Act and is the same today as it was when the Supreme Court handed down *Fourco* in 1957. Instead, the Venue Clarification Act made clear the general venue statute does not apply when a more specialized venue statute governs. The Supreme Court's holding in *Fourco*, that 28 U.S.C. § 1400(b) "is the sole and exclusive provision controlling venue in patent infringement actions, and that it is not to be

supplemented by the provisions of 28 U.S.C. § 1391(c) . . . [,]" *id.* at 229, is therefore controlling law on venue in patent infringement cases.

## F.     Venue Over Twilio Is Improper in this District Under § 1400(b)

Under *Fourco* and its progeny, venue is improper in the Central District because Twilio does not satisfy either prong of Section 1400(b).  Under the first prong, a corporate defendant "resides" only in the state in which it is incorporated. *Fourco*, 353 U.S. at 226; *see also In re Cordis Corp.*, 769 F.2d at 735 ("For purposes of the patent venue statute, a corporation is a resident only of the state in which it is incorporated." (citing *Fourco*)).  Because Twilio is incorporated in Delaware, not California, it does not meet this first prong.  (Bratsafolis Decl., ¶ 2.)

Nor does Twilio meet the second prong of Section 1400(b), which allows a defendant to be sued "where the defendant has committed acts of infringement <u>and has a regular and established place of business</u>."  28 U.S.C. § 1400(b) (emphasis added).  Twilio has no place of business in the Central District—let alone any "regular and established" place of business.  It has no offices in the Central District and has no employees who work in the Central District. (Bratsafolis Decl., ¶ 3.) Twilio hired one employee with an address in Central District who has only worked out of the San Francisco office, and is in the process of relocating to San Francisco. (*Id.*, ¶ 4.)  Twilio therefore does not meet the second prong under Section 1400(b).

Because venue is improper in the Central District, this action must be dismissed based on improper venue, or transferred to the Northern District where it could have been brought.  *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

## IV.    CONCLUSION

For the foregoing reasons, Twilio respectfully requests that the Court dismiss the present action for improper venue, or in the alternative, transfer it to the Northern District of California under 28 U.S.C. § 1406(a).

Dated:  August 12, 2015

COOLEY LLP
THOMAS J. FRIEL, JR. (80065)
REUBEN H. CHEN (228725)
CARRIE J. RICHEY (270825)


/s/ Thomas J. Friel, Jr.
Thomas J. Friel, Jr.

Attorneys for Defendant
Twilio Inc.