COOLEY LLP
THOMAS J. FRIEL, JR. (80065)
(TFRIEL@COOLEY.COM)
REUBEN H. CHEN (228725)
(RCHEN@COOLEY.COM)
CARRIE J. RICHEY (270825)
(CRICHEY@COOLEY.COM)
DENA CHEN (286452)
(DCHEN@COOLEY.COM)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843-5000
Facsimile:     (650) 849-7400

WAYNE O. STACY (*pro hac vice*)
(WSTACY@COOLEY.COM)
380 Interlocken Crescent, Ste. 900
Broomfield, CO 80021
Telephone:  (720) 566-4000
Facsimile:  (720) 566-4099

Attorneys for Defendant
Twilio Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELESIGN CORPORATION,<br><br>                    Plaintiff,<br><br>          v.<br><br>TWILIO INC.,<br><br>                    Defendant. | Case No.  2:15-cv-03240-PSG-SS<br><br>**DEFENDANT TWILIO INC.'S NOTICE OF AMENDED MOTION,  AMENDED MOTION TO STAY, AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:      March 14, 2016<br>Time:     1:30 p.m.<br>Dept.:     880<br><br>Honorable Philip S. Gutierrez<br><br>JURY TRIAL DEMANDED |

**TO ALL PARTIES HEREIN AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on March 14, 2016, at 1:30 p.m. or as soon thereafter as the matter may be heard before the Honorable Philip S. Gutierrez in Courtroom 880 of the United States District Court for the Central District of California, Western Division, located at 255 East Temple Street, Los Angeles, California, 90012-3332, Defendant Twilio Inc. ("Twilio") will move and hereby does move for a stay as follows.  This motion is made following the conference of counsel which took place on November 9, 2015, as part of the Rule 26(f) conference.

## AMENDED MOTION

Defendant Twilio respectfully submits this amended motion in light of the January 2017 trial date set after Twilio's motion was filed.  (ECF No. 91.)

Twilio moves this Court to stay this action pending *inter partes* review ("IPR") proceedings addressing all three asserted patents.  Twilio has filed three IPR petitions with the Patent Office challenging the validity of U.S. Patent No. 7,945,034 (the "'034 patent"), U.S. Patent No. 8,462,920 (the "'920 patent"), and U.S. Patent No. 8,687,038 (the "'038 patent").  This motion is based on this notice, the memorandum of points and authorities, the declaration of Reuben H. Chen in support of Twilio's amended motion to stay ("Chen Decl.") and exhibits appended thereto, the pleadings, records and other papers on file in this action, and upon such further evidence or argument as may be presented at or before the hearing of this motion.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated:  January 15, 2016

Respectfully Submitted:

COOLEY LLP
THOMAS J. FRIEL, JR. (80065)
WAYNE O. STACY (*pro hac vice*)
REUBEN H. CHEN (228725)
CARRIE J. RICHEY (270825)
DENA CHEN (286452)


*/s/ Reuben H. Chen*
Reuben H. Chen (228725)

Attorneys for Defendant
Twilio Inc.

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ......................................................................................... 1

II.     BACKGROUND ........................................................................................... 2

    A.      The hard work in this case lies ahead ..................................................... 2

    B.      All three patents are subject to *inter partes* review petitions ............... 2

    C.      *Inter partes* reviews alleviate the burdens of litigating invalid claims.. 3

    D.      All 78 claims are challenged under 35 U.S.C. § 101 ............................. 4

III.    ARGUMENT .................................................................................................. 5

    A.      Under the current schedule, trial would occur just months before the Patent Office renders its final decisions .................................................. 7

    B.      *Inter partes* review will simplify the issues and minimize the risks of error. ........................................................................................................ 8

    C.      A stay will not unduly prejudice TeleSign .......................................... 10

        1.      TeleSign sought a November 2017 trial date and Twilio promptly moved for a stay ...................................................... 10

        2.      TeleSign has no specific evidence of undue prejudice.............. 11

    D.      The stay should be ordered now ......................................................... 13

IV.     CONCLUSION ........................................................................................... 14

1

<u>**TABLE OF AUTHORITIES**</u>

2

**Page(s)**

3

**Cases**

4

5

*Aten Int'l Co. v. Emine Tech. Co.*,
No. 09-843, 2010 WL 1462110 (C.D. Cal. Apr. 12, 2010) ................................ 11

6

7

*Autoalert v. Dominion Dealer Sols.*,
No. 12-1661, 2013 WL 8014977 (C.D. Cal. May 22, 2013) ............................. 12

8

9

*Black Hills Media v. Pioneer Elecs. (USA)*,
No. 14-00471, 2014 WL 4638170 (C.D. Cal. May 8, 2014)
(Otero, J.) ........................................................................................................... 10

10

11

*Brass Smith v. Advanced Design Mfg.*,
No. 10-4945, 2010 WL 5363808 (C.D. Cal. Dec. 20, 2010)
(Gutierrez, J.) ............................................................................................. 5, 9, 11

12

13

*Cordelia Lighting v. Zhejiang Yankon Grp.*,
No. 14-881, ECF No. 144 (C.D. Cal. July 27, 2015) ........................................... 5

14

15

*Delphix v. Actifio*,
No. 13- 04613, 2014 WL 6068407 (N.D. Cal. Nov. 13, 2014) ........................... 7

16

17

*DSS Tech. Mgmt. v. Apple*,
No. 14-5330-HSG, 2015 WL 1967878 (N.D. Cal. May 1, 2015)........................ 6

18

19

*EI Du Pont De Nemours & Co. v. MacDermid Printing Sols.*,
No. 10-3409, 2012 WL 2995182 (D.N.J. July 23, 2012)................................... 12

20

21

*ePlus v. Lawson Software*,
789 F.3d 1349 (Fed. Cir. 2015) ....................................................................... 7, 8

22

23

*Evolutionary Intelligence v. Millenial Media*,
No. 13-4206, 2014 WL 2738501 (N.D. Cal. June 11, 2014) ............................... 6

24

25

*Finjan v. Symantec*,
No. 14-02998, 2015 WL 5915369 (N.D. Cal. Oct. 9, 2015)................................ 6

26

27

*Fresenius USA v. Baxter Int'l*,
721 F.3d 1330 (Fed. Cir. 2013), *cert. denied*, 134 S. Ct. 2295 (2014) ............ 7, 8

28

*Inogen v. Inova Labs*,
   No. 11-1692, 2012 WL 4748803 (C.D. Cal. Mar. 20, 2012) .............................. 12

*Intertainer v. Hulu*,
   No. 13-5499, 2014 WL 466034 (C.D. Cal. Jan. 24, 2014)  (Carney, J.) ............. 9

*IXI Mobile (R & D) v. Samsung Elecs.*,
   No. 15-03752, 2015 WL 7015415 (N.D. Cal. Nov. 12, 2015) ........................... 5

*Kaavo v. Amazon.com*,
   No. 15-00638, ECF No. 30 (D. Del. Jan. 4, 2016) ................................................ 4

*Kilopass Tech. v. Sidense*,
   No. 10-02066, 2012 WL 3545286 (N.D. Cal. Aug. 16, 2012), *aff'd*,
   501 F. App'x 980 (Fed. Cir. 2013) ...................................................................... 10

*Krippelz v. Ford Motor*,
   667 F.3d 1261 (Fed. Cir. 2012) .......................................................................... 10

*LELO v. Standard Innovation (US)*,
   No. 13-1393, 2014 WL 2879851 (N.D. Cal. June 24, 2014) .............................. 6

*Limestone Memory Sys. v. Micron Tech.*,
   No. 15-278, ECF No. 69 (C.D. Cal. Jan. 12, 2016) ............................. 6, 8, 11, 14

*MCM Portfolio v. Hewlett-Packard*,
   No. 2015-1091, 2015 WL 7755665 (Fed. Cir. Dec. 2, 2015) .............................. 3

*MLC Intellectual Prop. v. Micron Tech.*,
   No. 14-3657-SI, 2015 WL 496407 (N.D. Cal. Feb. 3, 2015) .............................. 6

*O2 Micro Int'l v. Beyond Innovation Tech.*,
   521 F.3d 1351 (Fed. Cir. 2008) .......................................................................... 13

*OIP Techs. v. Amazon.com*,
   788 F.3d 1359 (Fed. Cir. 2015) (Mayer, J., concurring) ................................ 4, 13

*PersonalWeb Techs. v. Facebook*,
   No. 13-01356, 2014 WL 116340 (N.D. Cal. Jan. 13, 2014) ............................ 3, 6

*Pi-Net Int'l v. Hertz*,
   No. 12-10012, 2013 WL 7158011 (C.D. Cal. June 5, 2013)
   (Gutierrez, J.) ........................................................................................ 5, 6, 9, 14

*Polymer Tech. Sys. v. Jant Pharmacal*,
  No. 15-2585, ECF No. 96 (C.D. Cal. Aug. 20, 2015) ........................................ 6

*Resmed v. Apex Med.*,
  No. 13-498, ECF No. 50 (C.D. Cal. Oct. 4, 2013) (O'Connell, J.) .................... 11

*Riverbed Tech. v. Silver Peak Sys.*,
  No. 13-02980, 2014 WL 1647399 (N.D. Cal. Mar. 14, 2014) ........................... 12

*Sec. People v. Ojmar US*,
  No. 14-04968, 2015 WL 3453780 (N.D. Cal. May 29, 2015) ........................... 12

*Semiconductor Energy Lab. v. Chimei Innolux*,
  No. 12-21, 2012 WL 7170593 (C.D. Cal. Dec. 19, 2012)
   (Tucker, J.) ..................................................................................................... 5, 6

*Sonics v. Arteris*,
  No. 11-5311, 2013 WL 503091 (N.D. Cal. Feb. 8, 2013) ................................. 12

*Star Envirotech v. Redline Detection*,
  No. 12-01861, 2013 WL 1716068 (C.D. Cal. Apr. 3, 2013) (Bernal, J.) ......... 5, 6

*TriPlay v. WhatsApp*,
  No. 13-01703, ECF No. 82 (D. Del. Aug. 25, 2015) ......................................... 5

*Versata Software v. SAP Am.*,
  No. 07-153, 2014 WL 1600327 (E.D. Tex. Apr. 21, 2014) ................................. 8

*VirtualAgility v. Salesforce.com*,
  759 F.3d 1307 (Fed. Cir. 2014) ................................................................... 5, 12

*Wonderland Nursery Goods v. Baby Trend*,
  No. 14-1153, 2015 WL 1809309 (C.D. Cal. Apr. 20, 2015) ............................... 6

**Statutes**

35 U.S.C. § 6 ............................................................................................................ 3

35 U.S.C. § 101 ....................................................................................................... 4

35 U.S.C. § 102 ....................................................................................................... 3

35 U.S.C. § 103 ....................................................................................................... 3

35 U.S.C. § 311 ....................................................................................................... 3

35 U.S.C. § 314.................................................................................................4

35 U.S.C. § 315.........................................................................................10, 11

35 U.S.C. § 316.............................................................................................3, 4

**Other Authorities**

37 C.F.R. § 42.51.............................................................................................3

37 C.F.R. § 42.53.............................................................................................3

Changes to Implement *Inter Partes* Review Proceedings, Post-Grant
    Review Proceedings, and Transitional Program for Covered
    Business Method Patents, 77 Fed. Reg. 48,680 (Aug. 14, 2012)
    (codified at 37 C.F.R. § 42.100, *et seq.*)..................................................3

vii

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

In this case, with a January 2017 trial, the Patent Office will get the final word on invalidity. Under almost every reasonable timing scenario, the Patent Office will reach a final resolution on the three pending *inter partes* reviews ("IPRs") prior to this Court reaching a final, non-appealable judgment. And as long as *any part* of the District Court case remains open, an intervening final invalidity decision by the Patent Office moots a related District Court judgment—regardless of how remote the open issues are from the issue of validity.

Stated simply, if the jury finds TeleSign's claims valid and infringed, the jury's work will likely be for nothing if the Patent Office later finds the tried claims invalid. Even if the Patent Office finds only some of TeleSign's tried claims invalid, the underlying judgment will likely be moot—requiring a retrial that separates out those claims found valid from those found invalid.

The accelerated trial date in conjunction with Twilio's early IPR filing dates heightens the risk of a wasted effort in this case. Twilio filed IPRs against all three asserted TeleSign patents. The Patent Office is expected, by statute, to issue its initial decisions by mid-summer 2016 and its final decisions by summer 2017. But, based on the current District Court schedule, the trial and post-trial briefing will be completed before summer 2017. Considering post-trial issues and appeals, the judgment, however, will not likely be final and non-appealable before the Patent Office work becomes final. A stay pending resolution of the IPRs is necessary to protect the Court and the parties against wasted efforts.

Further, Twilio filed its three IPRs well within the statutory one-year deadline. This is not a case where the accused infringer waited until the one-year deadline, filed the IPRs, and then sought a stay. With its early IPR filings, Twilio has minimized the total time that it will take to resolve this case and minimized the negative impact on TeleSign if Twilio is wrong about the strength of its IPRs.

Congress designed the IPR process, with its mandatory time frames, to lessen the burden on everyone. A stay is the only way to realize those lessened burdens.

## II.   BACKGROUND

### A.   The hard work in this case lies ahead.

TeleSign filed its first amended complaint in July 2015, alleging infringement of three patents, which collectively span 78 claims. (Chen Decl. Exs. B-D.) TeleSign then filed a motion for a preliminary injunction based on a single patent claim. TeleSign elected not to seek any preliminary injunctive relief for two of the three asserted patents, and neglected 77 of the 78 claims now asserted. (Chen Decl. Ex. H at 1 (infringement contentions asserting all 78 claims).)

In October 2015, the Court denied TeleSign's motion for a preliminary injunction, stating that TeleSign's infringement theory was "heavy on speculation and light on evidence." (ECF No. 78 at 5.) A "number of problems" plagued TeleSign's motion, and the presence of "several others in the market offering similar services as Plaintiff and Defendant" only underscored TeleSign's failure to show irreparable harm. (*Id.* at 9, 10.) The record revealed that dozens of companies offer phone number information, two-factor authentication, or SMS messaging services. (Chen Decl. Ex. E, ¶¶ 25, 71, 75-80.) On the other hand, no meaningful evidence that Twilio's products infringe claim 1 of the '034 patent was submitted.

Since TeleSign's unsuccessful motion, no significant litigation events have occurred. In fact, the parties have only recently appeared for their initial case management conference, where a January 2017 trial date was set.

### B.   All three patents are subject to *inter partes* review petitions.

Twilio's petitions for *inter partes* review address all three asserted patents. The first *inter partes* review petition seeks cancellation of claims 1, 2, 3, 4, 6, 7, 9, 11, 12, 13, and 14 of the '034 patent. (Chen Decl. Ex. K.) The second *inter partes* review petition seeks cancellation of claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 13, 17, 18,

19, 20, 21, and 22 of the '920 patent.  (Chen Decl. Ex. P.)  The third *inter partes* review petition seeks cancellation of all claims of the '038 patent.  (Chen Decl. Ex. Q.)  The pending petitions address 50 of the 78 claims, and identify prior art references never before considered by the Patent Office during the original prosecutions.

### C.   *Inter partes* reviews alleviate the burdens of litigating invalid claims.

By enacting the Leahy-Smith America Invents Act, Congress sought to "establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs" and provide a "timely, cost-effective alternative to litigation."  Changes to Implement *Inter Partes* Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Patents, 77 Fed. Reg. 48,680, 48,680 (Aug. 14, 2012) (codified at 37 C.F.R. § 42.100, *et seq.*).  To that end, Congress created *inter partes* review, which allows for expeditious review of patents by the Patent Office.  *Inter partes* review allows a full adversarial challenge—including an oral hearing and discovery—to the validity of patents under 35 U.S.C. §§ 102 and/or 103 based on prior art patents and printed publications.  35 U.S.C. §§ 311(b), 316(a); 37 C.F.R. §§ 42.51, 42.53.  A panel of three technically-trained patent judges on the Patent Trial and Appeal Board ("PTAB") at the Patent Office conduct the review. 35 U.S.C. §§ 6, 311.  The review affords several "advantages to the parties and the district court in any corollary civil action," including a "path to receive expert guidance from the PTO under a more accelerated timeline."  *PersonalWeb Techs. v. Facebook*, No. 13-01356, 2014 WL 116340, at *1-2 (N.D. Cal. Jan. 13, 2014) (granting stay pending IPR).  This ensures that *inter partes* review provides "an effective and efficient alternative to often costly and protracted district court litigation."    *MCM Portfolio v. Hewlett-Packard*, No. 2015-1091, 2015 WL 7755665, at *7 (Fed. Cir. Dec. 2, 2015) (quoting H.R. Rep. No. 112–98, at 45).

The first step in an *inter partes* review proceeding is for the challenger to file a written petition seeking review.  Twilio completed this step for one patent in December 2015 and for the other two in January 2016.  (Chen Decl. Exs. K, P, Q.)  The PTAB then, within six months of the petition, determines whether to institute *inter partes* review based on whether the petitioner has shown "a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition."  35 U.S.C. § 314(a).  If *inter partes* review is instituted, the PTAB will issue a final determination within one year.  35 U.S.C. § 316(a)(11).  In this case, the PTAB will issue its final decisions by summer 2017.  That decision could cancel TeleSign's claims, including the claims addressed in expert reports, briefed in summary judgment motions, and tried to the jury.

### D.     All 78 claims are challenged under 35 U.S.C. § 101.

The Supreme Court's patent-ineligibility decisions render TeleSign's claims unpatentable, so Twilio has filed a motion for judgment on the pleadings under 35 U.S.C. § 101.  (ECF No. 87.)  Twilio's motion, if granted, would completely resolve this case.  In fact, District Courts have granted more than 70% of pre-trial motions to invalidate patent claims under Section 101, and the Federal Circuit has invalidated patent claims in 15 of its first 16 post-*Alice* decisions.  (Chen Decl. Exs. F-G.)  District Courts typically decide Section 101 motions at the outset of the case to "conserve[] scarce judicial resources and spare[] litigants the staggering costs associated with discovery and protracted claim construction litigation . . . ."  *OIP Techs. v. Amazon.com*, 788 F.3d 1359, 1364 (Fed. Cir. 2015) (Mayer, J., concurring).

Thus, in addition to a stay pending *inter partes* review, a stay pending a decision on the Section 101 motion would also be appropriate.  Just last week, a Magistrate Judge stayed a patent-infringement case pending resolution of defendants' Section 101 motions.  *Kaavo v. Amazon.com*, No. 15-00638, ECF No. 30 at 3, 5 (D. Del. Jan. 4, 2016) (Chen Decl. Ex. O).  Chief Judge Leonard P. Stark

1   has also stayed discovery pending resolution of Section 101 issues.  *See TriPlay v.*

2   *WhatsApp*, No. 13-01703, ECF No. 82 (D. Del. Aug. 25, 2015) (Chen Decl. Ex. L).

3   **III.   ARGUMENT**

4       There is a liberal policy in favor of granting motions to stay pending the

5   outcome of PTO proceedings.  *Pi-Net Int'l v. Hertz*, No. 12-10012, 2013 WL

6   7158011, at *2-3 (C.D. Cal. June 5, 2013) (Gutierrez, J.) (granting stay pending

7   IPR); *Semiconductor Energy Lab. v. Chimei Innolux*, No. 12-21, 2012 WL

8   7170593, at *4 (C.D. Cal. Dec. 19, 2012) (Tucker, J.) (granting stay pending IPR);

9   *Brass Smith v. Advanced Design Mfg.*, No. 10-4945, 2010 WL 5363808, at *1-2

10  (C.D. Cal. Dec. 20, 2010) (Gutierrez, J.) (granting stay pending re-examination).

11  Under that liberal policy, the relevant factors are (1) the stage of the litigation,

12  including whether a trial date has been set; (2) whether a stay will simplify the

13  issues in question and trial of the case; and (3) whether a stay would unduly

14  prejudice the non-moving party.  *Star Envirotech v. Redline Detection*, No. 12-

15  01861, 2013 WL 1716068, at *2 (C.D. Cal. Apr. 3, 2013) (Bernal, J.) (granting stay

16  pending IPR).

17      The stage of the litigation is measured as of the date of the filing of the

18  motion to stay.  *VirtualAgility v. Salesforce.com*, 759 F.3d 1307, 1316 (Fed. Cir.

19  2014).  Courts consider whether discovery is complete and whether a trial date has

20  been set.  *Pi-Net Int'l*, 2013 WL 7158011, at *2 (Gutierrez, J.) (granting stay

21  pending IPR).  When discovery is not complete, no claim construction order has

22  issued, and trial is "more than one year away," the stage of the case weighs in favor

23  of granting a stay.  *Id.* at *2-3.  Even in cases where some litigation events have

24  occurred, courts have granted a stay.  *See, e.g.*, *IXI Mobile (R & D) v. Samsung

25  Elecs.*, No. 15-03752, 2015 WL 7015415, at *1 (N.D. Cal. Nov. 12, 2015) (granting

26  stay pending IPR where the defendant had deposed an inventor and the plaintiff had

27  reviewed source code); *Cordelia Lighting v. Zhejiang Yankon Grp.*, No. 14-881,

28  ECF No. 144 at 4 (C.D. Cal. July 27, 2015) (granting stay pending IPR after entry

of a preliminary injunction) (Chen Decl. Ex. N); *DSS Tech. Mgmt. v. Apple*, No. 14-5330-HSG, 2015 WL 1967878, at *2 (N.D. Cal. May 1, 2015) (granting stay pending IPR where the plaintiff had deposed an inventor and the action had been pending for 16 months); *Wonderland Nursery Goods v. Baby Trend*, No. 14-1153, 2015 WL 1809309, at *3 (C.D. Cal. Apr. 20, 2015) (granting stay pending IPR where the parties had submitted claim construction briefing); *PersonalWeb*, 2014 WL 116340, at *3-4 (granting stay pending IPR after a claim construction order).

Under the *undue* prejudice factor, specific evidence of specific undue prejudice or clear tactical disadvantage is required. "Simply pointing to the possibility of some prejudice or disadvantage is not enough—the non-moving party must show they would be undue or clear." *LELO v. Standard Innovation (US)*, No. 13-1393, 2014 WL 2879851, at *4 (N.D. Cal. June 24, 2014) (granting stay pending IPR). The delay inherent in a stay by itself does not constitute undue prejudice. *PersonalWeb*, 2014 WL 116340, at *5 (granting stay pending IPR). "A stay is particularly justified where the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Evolutionary Intelligence v. Millenial Media*, No. 13-4206, 2014 WL 2738501, at *2 (N.D. Cal. June 11, 2014) (granting stay pending IPR).

This District routinely stays cases <u>before</u> the PTO issues its preliminary validity decision. *See, e.g.*, *Limestone Memory Sys. v. Micron Tech.*, No. 15-278, ECF No. 69 at 7-8 (C.D. Cal. Jan. 12, 2016) (granting stay before institution) (Chen Decl. Ex. S); *Polymer Tech. Sys. v. Jant Pharmacal*, No. 15-2585, ECF No. 96 at 7 (C.D. Cal. Aug. 20, 2015) (same) (Chen Decl. Ex. M); *Star Envirotech*, 2013 WL 1716068, at *2 (same); *Pi-Net Int'l*, 2013 WL 7158011, at *2, *5 (same); *Semiconductor Energy Lab.*, 2012 WL 7170593, at *3-4 (same). So does the Northern District of California. *See, e.g.*, *Finjan v. Symantec*, No. 14-02998, 2015 WL 5915369, at *3-4 (N.D. Cal. Oct. 9, 2015) (granting stay before institution); *DSS Tech. Mgmt.*, 2015 WL 1967878, at *3-4 (same); *MLC Intellectual Prop. v.*

*Micron Tech.*, No. 14-3657-SI, 2015 WL 496407, at *2-3 (N.D. Cal. Feb. 3, 2015) (same); *Delphix v. Actifio*, No. 13- 04613, 2014 WL 6068407, at *2-3 (N.D. Cal. Nov. 13, 2014) (same).

### A. Under the current schedule, trial would occur just months before the Patent Office renders its final decisions.

The resources and efforts invested in preparing for and trying this case in January 2017, could be undone by subsequent *inter partes* review decisions by the Patent Office.   Under almost every scenario, the Patent Office decisions will become final before any District Court decision becomes final.  And as long as *any part* of the District Court case remains to be decided, an intervening final decision by the Patent Office that invalidates the tried claims will lead to the vacating of a District Court judgment in favor of the patent owner, regardless of how remote the open issues in the case are from the issue of the validity of the asserted patents.

In *Fresenius*, the Federal Circuit confronted the problem of priority between a District Court's judgment and a Patent Office's determination of invalidity. *Fresenius USA v. Baxter Int'l*, 721 F.3d 1330, 1332, 1347 (Fed. Cir. 2013), *cert. denied*, 134 S. Ct. 2295 (2014).  Despite the work completed at the District Court— including a jury trial and validity determinations—the final cancellation of patent claims by the Patent Office mooted the patentee's claims for relief.  *Id.* at 1332-34, 1347.  The key holding in *Fresenius* was that a final invalidity determination by the Patent Office that was affirmed on appeal, trumps a District Court judgment when that judgment is not final, and non-appealable on all matters.  *Id.* at 1340-43.

In *ePlus*, the Federal Circuit confronted a similar problem, where the District Court issued an injunction following a jury verdict on infringement and validity, but the Patent Office later invalidated the patentee's claims.   *ePlus v. Lawson Software*, 789 F.3d 1349, 1352-56 (Fed. Cir. 2015).  As with *Fresenius,* the Federal Circuit found that the District Court judgment was not final on all case issues.  *Id.* at 1355, 1357-59.  Thus, the final Patent Office decision trumped the District Court

judgment and the jury findings.   The District Court was ordered to vacate the injunction and dismiss the action.  *Id.* at 1362; *cf. Versata Software v. SAP Am.*, No. 07-153, 2014 WL 1600327, at *2 (E.D. Tex. Apr. 21, 2014) (distinguishing *Fresenius* on the ground that the judgment was "final and there are no further issues to be resolved").

In both *Fresenius* and *ePlus*, the jury, the Court, and the parties' time and resources could have been saved with a stay pending a decision from the Patent Office.  Because the cases proceeded to trial and the Patent Office subsequently invalidated the claims, the judgment and injunction were vacated.   Under the current schedule, the dispositive decisions rendered in this case would be threatened by the Patent Office's decisions following *inter partes* review.

**B.    *Inter partes* review will simplify the issues and minimize the risks of error.**

*Inter partes* review will not only resolve substantial invalidity issues and streamline this litigation, but could also potentially eliminate this case.[1]  Failure to stay this case, on the other hand, would result in the expenditure of substantial judicial and party resources, especially in light of TeleSign's "scorched earth" approach to asserting all 78 claims and serving expansive discovery, and could very well result in re-litigating issues such as claim construction, damages, invalidity, and injunctive relief.

The IPRs will result in one of three outcomes: (1) the Patent Office will invalidate all asserted claims; (2) the Patent Office will invalidate some asserted claims; or (3) the Patent Office will invalidate no asserted claims.

As for the first possible outcome, the Patent Office invalidates all asserted

---

[1] There is no indication that TeleSign intends to select the claims not currently subject to *inter partes* review for trial.  Nor has TeleSign presented evidence that Twilio infringes those particular claims.  *See also Limestone Memory Sys.*, ECF No. 69 at 7 (Chen Decl. Ex. S) ("But it is well-established that the IPR proceedings need not resolve every single asserted claim.").

claims.  Even if the jury comes to a contrary decision, the jury's work will be meaningless.  The Patent Office decision should reach a final, non-appealable conclusion before the District Court case reaches a final, non-appealable conclusion.  And in this situation, the Federal Circuit has held that the Patent Office decision wins.  Staying this case pending the IPR outcome would protect against this meaningless work.  *Intertainer v. Hulu*, No. 13-5499, 2014 WL 466034, at *2 (C.D. Cal. Jan. 24, 2014) (Carney, J.) (stating that a stay would conserve judicial resources that may otherwise be wasted on claim construction and invalidity issues before those claims).

As for the second possible outcome, the Patent Office invalidates some of the asserted claims.  In this scenario, the jury's infringement and damages findings will be based on valid and invalid claims.  It would be difficult to separate the portions of the verdict based on invalid claims.  The most likely result is that a new trial on only the valid claims would be required.  Expert work, claim construction, summary judgment, pre-trial, and trial work related to the invalid claims would be wasted.  Staying this case pending the IPR outcome would protect against this wasted work, including the need for a second trial.  "Cancellation of some or all of the claims would obviously streamline or end the litigation."  *Brass Smith*, 2010 WL 5363808, at *1-2 (Gutierrez, J.) (granting stay pending re-examination).

As for the third possible outcome, the Patent Office invalidates none of the asserted claims.  In this situation, the Court and parties would still benefit from the Patent Office's determinations.  But with a January 2017 trial looming, the only way to fully benefit from those determinations is to stay this case pending the IPR determinations.  As detailed below, there are many benefits from a stay.

First, as this Court noted in a similar case, it would "benefit from the expertise of the PTO with regard to assessing the prior art."  *Pi-Net Int'l*, 2013 WL 7158011, at *2-3 (Gutierrez, J.) (granting a stay pending IPR).

Second, this Court would no longer have to consider certain invalidity

defenses, because 35 U.S.C. § 315(e)(2)'s estoppel provision would apply to Twilio based on the PTAB's final written decision.

Third, the Court would also have the benefit of a full record for claim construction. *Cf. Krippelz v. Ford Motor*, 667 F.3d 1261, 1266 (Fed. Cir. 2012); *see also Kilopass Tech. v. Sidense*, No. 10-02066, 2012 WL 3545286, at *5-6 (N.D. Cal. Aug. 16, 2012) (referring to the "clearly irreconcilable" differences between the claim construction arguments the patentee made to the Patent Office and to the District Court), *aff'd*, 501 F. App'x 980 (Fed. Cir. 2013). Indeed, TeleSign has admitted to this Court that responding to the *inter partes* review petitions "will involve claim construction and argument that could *affect this litigation*." (ECF No. 94 at 3) (emphasis added).

And fourth, TeleSign may also decide to amend its claims. Those claim amendments "could affect the scope or the Court's interpretation of the remaining claims, and possibly render the Court's analysis of the claims moot if done prior to amendment." *Black Hills Media v. Pioneer Elecs. (USA)*, No. 14-00471, 2014 WL 4638170, at *6 (C.D. Cal. May 8, 2014) (Otero, J.) (granting stay pending IPR).

## C.   A stay will not unduly prejudice TeleSign.

### 1.   TeleSign sought a November 2017 trial date and Twilio promptly moved for a stay.

TeleSign will suffer no undue prejudice or clear disadvantage if this action is stayed. In fact, TeleSign itself proposed a trial date ten months later than the January 2017 trial date. (ECF No. 84 at 19.) TeleSign did not advocate for a prompt trial in this case. To the contrary, it wanted multiple rounds of infringement contentions, delay in selecting its asserted claims, and a trial date nearly two years away. A brief delay in adjudication of TeleSign's claims, to gain the benefit of the Patent Office's invalidity decisions, does not constitute undue prejudice to TeleSign.

Nor would TeleSign suffer any undue prejudice from a stay. Twilio moved

for *inter partes* review well within the one-year statutory deadline, 35 U.S.C. § 315(b), and within hours of filing the second and third *inter partes* review petitions. (ECF No. 91.)  The Court then set a January 2017 trial date, so Twilio promptly filed an amended motion to address the new development.  To ensure the Court and the parties' time and resources were not needlessly wasted, Twilio moved with expediency.  There is no dilatory motive when the defendant moves to stay at the first possible opportunity.  *Resmed v. Apex Med.*, No. 13-498, ECF No. 50 at 1 (C.D. Cal. Oct. 4, 2013) (Chen Decl. Ex. R) (O'Connell, J.) (granting stay pending IPR).

### 2.   TeleSign has no specific evidence of undue prejudice.

It does not suffice to simply argue that prolonging the litigation will allow the defendant to sell allegedly infringing products for a longer period of time.  *See Brass Smith*, 2010 WL 5363808, at *1 (Gutierrez, J.) (granting stay pending re-examination).  "Any customers or profit lost during a stay can be compensated through damages, including damages caused by the stay."  *Aten Int'l Co. v. Emine Tech. Co.*, No. 09-843, 2010 WL 1462110, at *7 (C.D. Cal. Apr. 12, 2010); *see also Limestone Memory Sys.*, ECF No. 69 at 9 (Chen Decl. Ex. S).  Here, TeleSign is not entitled to any damages because the accused Twilio products do not infringe.

Even if they did, following *inter partes* review, TeleSign would remain free to pursue money damages based on any claims that survive.  The possibility of money damages mitigates any purported prejudice based on a brief stay.  To be sure, this Court has already rejected TeleSign's argument that money damages are inadequate.  (ECF No. 78 at 10.)

This Court has also rejected TeleSign's theory of a two-party competitor market.  The October 2015 Order concluded that there are "several others in the market offering similar services as Plaintiff and Defendant."  (ECF No. 78 at 10.) The entities offering phone number information, two-factor authentication, and/or SMS services include Nexmo, Tyntec, TxtNation, Authentify, SMSPasscode,

Pointsharp, Clickatell, Infobip, Messagebird, MessageMedia, CMTelecom, Teletoken, Solidpass, Mideye, Exostar, DuoSecurity, Swivel, Safenet, Authshield, Protectimus, Clavid, Microsoft, LinOTP, MOTP, Whitepages.com, 411.com, Cid DB, BytePlant, CDYNE, Sinch, Prove, EZ Texting, TextMarks, Mozeo, and bulksms.  (Chen Decl. Ex. E at ¶¶ 75-80.)  TeleSign has not identified any evidence that these entities do not dilute its sales.  Nor has TeleSign provided any proof of a connection between the allegedly patented features and demand for the allegedly infringing products.  Nor has TeleSign shown that the allegedly patented features impact customers' purchasing decisions.  General competition in the "same business space" is not enough to constitute undue prejudice.  *See VirtualAgility*, 759 F.3d at 1318-19.  In the absence of specific evidence, TeleSign cannot show that it will suffer prejudice, let alone *undue* prejudice, from a stay.

Many courts also decline to find undue prejudice in the face of a claim of "direct competition."  *See, e.g.*, *Riverbed Tech. v. Silver Peak Sys.*, No. 13-02980, 2014 WL 1647399, at *2 (N.D. Cal. Mar. 14, 2014) (finding no undue prejudice); *Autoalert v. Dominion Dealer Sols.*, No. 12-1661, 2013 WL 8014977, at *3-4 (C.D. Cal. May 22, 2013) (examining several factors that undermined the plaintiff's assertion of undue prejudice); *Sonics v. Arteris*, No. 11-5311, 2013 WL 503091, at *4 (N.D. Cal. Feb. 8, 2013) (stating that the plaintiff's legal and equitable remedies would be available when the stay was lifted); *EI Du Pont De Nemours & Co. v. MacDermid Printing Sols.*, No. 10-3409, 2012 WL 2995182, at *4 (D.N.J. July 23, 2012) (stating that despite the parties' status as "direct competitors," the imposition of a stay would not unduly prejudice the plaintiff); *Inogen v. Inova Labs*, No. 11-1692, 2012 WL 4748803, at *3 (C.D. Cal. Mar. 20, 2012) (relying on evidence that the market had at least ten participants diluting the effect on the patentee's sales); *see also Sec. People v. Ojmar US*, No. 14-04968, 2015 WL 3453780, at *5 (N.D. Cal. May 29, 2015) (granting a stay pending IPR even where the alleged direct competitor presented a declaration estimating $5.9 million in lost profits).

1    Likewise, here, this Court should decline to find any undue prejudice because
2    TeleSign participates in a crowded marketplace, TeleSign has neglected to seek a
3    preliminary injunction on 77 of the 78 asserted claims, the motion for a preliminary
4    injunction TeleSign did bring failed, and the possibility of money damages
5    mitigates any purported harm from a brief stay.  TeleSign itself asked for a trial
6    date ten months later than the current trial date.  Simply put, TeleSign would suffer
7    no undue prejudice from a stay.

8         **D.     The stay should be ordered now.**

9         The stage of the case and the January 2017 trial date weigh in favor of a stay.
10   Before the "staggering costs associated with discovery and protracted claim
11   construction litigation" begin, this action should be stayed.  *See OIP Techs.*, 788
12   F.3d at 1364 (Mayer, J., concurring) (addressing Section 101).  Before the hard
13   work that lies ahead occurs—that is, document productions, depositions, claim
14   construction, expert reports, summary judgment, and trial—the Court should stay
15   the case.  Absent a stay, the January 2017 trial date means that the parties will be
16   proceeding on an accelerated schedule, requiring additional burden and expense.
17   The parties would need to incur the significant and costly efforts of conducting fact
18   and expert discovery this spring and summer, and the Court would need to resolve
19   the parties' claim construction disputes.  *See O2 Micro Int'l v. Beyond Innovation*
20   *Tech.*, 521 F.3d 1351, 1360-63 (Fed. Cir. 2008) ("When the parties present a
21   fundamental dispute regarding the scope of a claim term, it is the court's duty to
22   resolve it.").   Before the Court contends with construing claims, resolving
23   dispositive motions, hearing *Daubert* challenges, and the like, this case should be
24   stayed.

25       The time for a stay is now, before institution because that is when the Court
26   and the parties will enjoy the most cost savings.  Before judicial and party resources
27   are invested on discovery disputes, claim construction, and motion practice, a stay
28   should occur.  With a January 2017 trial date, waiting until this summer, when the

1  Patent Office is expected to issue its institution decisions, would require the parties
2  to have completed some of the efforts, which could be rendered moot by the Patent
3  Office's final written decisions.  By then, the Court and the parties would have
4  already spent the time and money required for resolving discovery disputes,
5  addressing claim construction, taking and defending depositions, and briefing
6  motions.  This case, like others before it, should be stayed before institution.  *See,*
7  *e.g.*, *Pi-Net Int'l*, 2013 WL 7158011, at *4 (Gutierrez, J.) (granting stay pending
8  IPR before institution); *Limestone Memory Sys.*, ECF No. 69 at 7 (Chen Decl. Ex.
9  S).

10  **IV.   CONCLUSION**

11  In sum, Twilio respectfully requests that the Court stay this action pending
12  final resolution of the *inter partes* review proceedings.

13  Dated:  January 15, 2016                    Respectfully Submitted:

14                                              COOLEY LLP
15                                              THOMAS J. FRIEL, JR. (80065)
                                                WAYNE O. STACY (*pro hac vice*)
16                                              REUBEN H. CHEN (228725)
                                                CARRIE J. RICHEY (270825)
17                                              DENA CHEN (286452)

18
19                                              */s/ Reuben H. Chen*
                                                Reuben H. Chen (228725)
20
21                                              Attorneys for Defendant
                                                Twilio Inc.

22
23
24
25
26
27
28