| | |
|---|---|
| 1 | Gary Miller (pro hac vice) |
| 2 | SHOOK HARDY & BACON L.L.P.<br>111 S. Wacker Dr. |
| 3 | Chicago, IL 60606<br>(312) 704-7700<br>gmiller@shb.com |
| 4 | |
| 5 | Jesse J. Camacho (pro hac vice)<br>Mary J. Peal (pro hac vice) |
| 6 | SHOOK HARDY & BACON L.L.P.<br>2555 Grand Blvd. |
| 7 | Kansas City, MO 64108<br>(816) 474-6550 |
| 8 | jcamacho@shb.com<br>mpeal@shb.com |
| 9 | Janet L. Hickson (SBN 198849) |
| 10 | Shook, Hardy & Bacon L.L.P.<br>Jamboree Center, 5 Park Plaza |
| 11 | Suite 1600<br>Irvine, CA 92614 |
| 12 | Tel: 949-475-1500<br>Fax: 949-475-0016 |
| 13 | jhickson@shb.com |
| 14 | Counsel for Plaintiff<br>TeleSign Corporation |

Thomas J. Friel, Jr.
(tfriel@cooley.com)
Reuben H. Chen
(rchen@cooley.com)
Carrie J. Richey
(crichey@cooley.com)
Dena Chen
(dchen@cooley.com)
Cooley LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
650-843-5000

Wayne O. Stacy
(wstacy@cooley.com)
Cooley LLP
380 Interlocken Crescent
Suite 900
Broomfield, CO 80021-8023
720-566-4125

Attorneys for Defendant
Twilio Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 17 | TELESIGN CORPORATION,<br><br>            Plaintiff,<br><br>v.<br><br>TWILIO INC.,<br><br>            Defendant. | Case No. 15-3240-PSG-SS<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>*Note Changes*<br>*By Court*<br>(PSG) |

NOTE CHANGES
BY COURT

## 1.    PURPOSES AND LIMITATIONS

    **1.1**    Discovery in this action will involve production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and

1   that the protection it affords from public disclosure and use extends only to the limited

2   information or items that are entitled to confidential treatment under the applicable

3   legal principles. The parties further acknowledge, as set forth in Section 16.3 below

4   that this Stipulated Protective Order does not entitle them to file confidential

5   information under seal; Civil Local Rule 79-5 sets forth the procedures that must be

6   followed and the standards that will be applied when a party seeks permission from

7   the Court to file material under seal.

8   **2.**     **GOOD CAUSE STATEMENT**

9       **2.1**     This patent-infringement action involves three asserted patents and the

10   (disputed) allegation that Plaintiff TeleSign directly competes with Defendant Twilio.

11   Because this action may involve the disclosure of trade secrets, customer and pricing

12   lists and other valuable research, development, commercial, financial, technical and/or

13   proprietary information, special protection from public disclosure and from use for

14   any purpose other than prosecution of this action is warranted. Such confidential and

15   proprietary materials and information consist of, among other things, confidential

16   business or financial information, information regarding confidential business

17   practices, technical information including confidential source code, or other

18   confidential research, development, or commercial information (including information

19   implicating privacy rights of third parties), information otherwise generally

20   unavailable to the public, or which may be privileged or otherwise protected from

21   disclosure under state or federal statutes, court rules, case decisions, or common law.

22   Accordingly, to expedite the flow of information, to facilitate the prompt resolution of

23   disputes over confidentiality of discovery materials, to adequately protect information

24   the parties and third-parties are entitled to keep confidential or private, to ensure that

25   the parties are permitted reasonable necessary uses of such material in preparation for

26   and in the conduct of trial, to address their handling at the end of the litigation, and

27   serve the ends of justice, a protective order for such information is justified in this

28   matter. It is the intent of the parties that information will not be designated as

2

1 confidential for tactical reasons and that nothing be so designated without a good faith

2 belief that it has been maintained in a confidential, non-public manner, and there is

3 good cause why it should not be part of the public record of this case.

4 **3.    DEFINITIONS**

5     **3.1    Action**: this pending federal lawsuit.

6     **3.2    Challenging Party**: a Party or Non-Party that challenges the designation

7 of information or items under this Order.

8     **3.3    "CONFIDENTIAL" Information or Items**: information (regardless of

9 how it is generated, stored or maintained) or tangible things that qualify for protection

10 under Federal Rule of Civil Procedure 26(c), and as specified above in the Good

11 Cause Statement.

12     **3.4    "HIGHLY    CONFIDENTIAL-ATTORNEYS'    EYES    ONLY"**

13 **Information or Items:** extremely sensitive "CONFIDENTIAL" information or items,

14 disclosure of which to another Party or Non-Party would create a substantial risk of

15 serious harm that could not be avoided by less restrictive means.

16     **3.5    "HIGHLY CONFIDENTIAL-SOURCE CODE" (or "Source Code")**

17 **Information or Items:** extremely sensitive source code, the disclosure of which to

18 another Party or Non-Party would create a substantial risk of serious harm that could

19 not be avoided by less restrictive means.    Source Code includes human-readable

20 programming language text that defines software, firmware, or electronic hardware

21 descriptions.    Source Code includes source-code files, which are text files containing

22 source code.    These include, but are not limited to, files containing source code

23 written in "C," "C++," Java, JavaScript, PHP, Ruby, C# (C Sharp) assembler, VHDL,

24 Verilog, Python, and digital signal processor programming languages, as well as

25 ".include files," "make" files, link files, and other human-readable text files used in

26 the generation and/or building of software directly executed on a microprocessor,

27 micro-controller, or digital signal processor.    Source Code does not include "Public

28 Source Code" (see below).

STIPULATED PROTECTIVE ORDER

**3.6    Counsel**: Outside Counsel of Record (including their support staff) and In-House Counsel (including their support staff).

**3.7    Designating Party**: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL-SOURCE CODE."

**3.8    Discovery Material**: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**3.9    Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

**3.10    Final Disposition:** the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) (if applicable) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**3.11    In-House Counsel**: attorneys who are employees of a Party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

**3.12    Non-Party**: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

**3.13    Outside Counsel of Record**: attorneys who are not employees of a party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

**3.14    Party**: any party to this Action, including all of its officers, directors,

4

1  employees, consultants, retained Experts, and Outside Counsel of Record (and their

2  support staffs).

3      **3.15  Producing Party**: a Party or Non-Party that produces Discovery Material

4  in this Action.

5      **3.16  Professional Jury and Trial Consultant(s)**:  persons or entities that

6  provide professional jury or trial consulting services, including the production of

7  graphic or visual aids, and their employees and subcontractors.

8      **3.17  Professional Vendors**: persons or entities that provide litigation support

9  services (e.g., photocopying, video recording, stenography, translating, preparing

10  exhibits or demonstrations, and organizing, storing, or retrieving data in any form or

11  medium) and their employees and subcontractors.

12      **3.18  Protected Material**: any Discovery Material that is designated as

13  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY,"

14  "HIGHLY CONFIDENTIAL-SOURCE CODE," except that Protected Material does

15  not include:

16          **3.18(a)**  advertising materials actually publicly disseminated;

17          **3.18(b)**  materials that on their face show that they have been published

18  to the general public, are otherwise in the public domain;

19          **3.18(c)**  information that after disclosure to a Receiving Party becomes

20  part of the public domain as a result of publication not involving a violation of this

21  Order or any violation of law;

22          **3.18(d)**  information that a Receiving Party can show was received by it,

23  whether before or after the disclosure, from a source that obtained the information

24  lawfully and under no obligation of confidentiality to the Producing Party;

25          **3.18(e)**  information that a Receiving Party can show was independently

26  developed by it after the time of disclosure by personnel who have not had access to

27  the information designated by a Producing Party under this Order; and

28          **3.18(f)**  Public Source Code.

STIPULATED PROTECTIVE ORDER

Case 2:15-cv-03240-PSG-SS    Document 109-1    Filed 02/02/16    Page 7 of 29    Page ID
Case 2:15-cv-03240-PSG-SS    Document 110-1    Filed 02/03/16    Page 6 of 28    Page ID #:6166
#:6135

**3.19    Public Source Code**: (1) publicly available source code; (2) source code that is not CONFIDETIAL (e.g., source code that is available from a publicly accessible and unprotected website or other Internet location, e.g., an FTP site); and (3) source code—including excerpts—that are or have been openly presented or discussed by the Producing Party at public presentations or on the Producing Party's website. This provision would not require the Producing Party to print Public Source Code from the source code computer described below in Section 14 but would also not prevent printing portions of Public Source Code that might appear along with confidential source code.

**3.20    Receiving Party**: a Party that receives Discovery Material from a Producing Party.

**4.    SCOPE**

**4.1**    The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

**4.2**    Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**5.    DURATION**

**5.1**    Even after Final Disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. *See L.R. 79* ~~DHS~~

*As consistent with Local Rule 79.*

**6.    DESIGNATING PROTECTED MATERIAL**

**6.1    Exercise of Restraint and Care in Designating Material for Protection**. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to

STIPULATED PROTECTIVE ORDER

do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

**6.2** Mass, indiscriminate, or routinized designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

**6.3** If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing or changing the inapplicable designation.

**6.4   Manner and Timing of Designations**. Except as otherwise provided in this Order (e.g., Sections 6.5(b) and 6.6), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

**6.5** Designation in conformity with this Order requires:

**6.5(a)** for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL-SOURCE CODE" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

**6.5(b)** A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party

STIPULATED PROTECTIVE ORDER

has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL-SOURCE CODE") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

**6.5(c)** for testimony given in deposition or in other pretrial or trial proceedings, the witness under deposition, or his/her counsel, or any counsel representing any person or Party at the deposition, may designate such testimony as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL-SOURCE CODE," as appropriate, either on the record at the deposition or in writing to all Parties and the court reporter within thirty (30) days of the receipt of the deposition transcript. Until thirty (30) days of the receipt of the deposition transcript, the entire transcript shall be treated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, except any portion of the transcript reflecting material designated "HIGHLY CONFIDENTIAL SOURCE CODE" shall be presumptively treated in accordance with the procedures pertaining to Source Code described in this Order, unless the parties agree otherwise. The provisions of this Paragraph may be invoked with respect to the witness's entire deposition, or any portion thereof, consistent with the other applicable provisions of this Order.

**6.5(d)** for information produced in some form other than documentary

8

and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL-SOURCE CODE." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

**6.6    Inadvertent Failures to Designate**. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

# 7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

**7.1    Timing of Challenges**. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**7.2    Meet and Confer**. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

**7.3**    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

STIPULATED PROTECTIVE ORDER

## 8. ACCESS TO AND USE OF PROTECTED MATERIAL

**8.1 Basic Principles**. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of FINAL DISPOSITION section below.

**8.2** Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**8.3 Disclosure of "CONFIDENTIAL" Information or Items**. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

**8.3(a)** the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

**8.3(b)** Experts (as defined in this Order) of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

**8.3(c)** the Court and its personnel;

**8.3(d)** court reporters retained to record testimony taken in this action and their staff;

**8.3(e)** Professional Jury and Trial Consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

**8.3(f)** the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

STIPULATED PROTECTIVE ORDER

**8.3(g)**    during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

**8.3(h)**    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

**8.3(i)**    anyone authorized by the Producing Party;

**8.3(j)**    Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Discovery Material marked "CONFIDENTIAL" and to keep any information concerning Discovery Material marked "CONFIDENTIAL" confidential; and

**8.3(k)**    designated officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

**8.4    Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items.**  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" only to the persons listed in Sections 8.3(a)-8.3(i).

**9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

**9.1**    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL-SOURCE CODE," that Party must:

**9.1(a)**    promptly notify in writing the Designating Party—such notification shall include a copy of the subpoena or court order;

**9.1(b)**    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order—such notification shall include a copy of this Stipulated Protective Order; and

**9.1(c)**    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

**9.2**    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL-SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

**10.1**    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL-SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in

12

1    these provisions should be construed as prohibiting a Non-Party from seeking

2    additional protections.

3       **10.2** If a Party is required, by a properly served discovery request, to produce

4    a Non-Party's confidential information in its possession, and the Party is subject to an

5    agreement with the Non-Party not to produce the Non-Party's confidential

6    information, then the Party shall:

7       **10.2(a)** promptly notify in writing the Requesting Party and the Non-

8    Party that some or all of the information requested is subject to a confidentiality

9    agreement with a Non-Party;

10      **10.2(b)** promptly provide the Non-Party with a copy of the Stipulated

11    Protective Order in this Action, the relevant discovery request(s), and a reasonably

12    specific description of the information requested; and

13      **10.2(c)** make the information requested available for inspection by the

14    Non-Party, if requested.

15      **10.3** If the Non-Party fails to seek a protective order from this Court within 14

16    days of receiving the notice and accompanying information, the Receiving Party may

17    produce the Non-Party's confidential information responsive to the discovery request.

18    If the Non-Party timely seeks a protective order, the Receiving Party shall not produce

19    any information in its possession or control that is subject to the confidentiality

20    agreement with the Non-Party before a determination by the Court. Absent a court

21    order to the contrary, the Non-Party shall bear the burden and expense of seeking

22    protection in this Court of its Protected Material.

23   **11.**     **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

24      **11.1** If a Receiving Party learns that, by inadvertence or otherwise, it has

25    disclosed Protected Material to any person or in any circumstance not authorized

26    under this Stipulated Protective Order, the Receiving Party must immediately

27    (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its

28    best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the

1  person or persons to whom unauthorized disclosures were made of all the terms of this

2  Order, and (d) request such person or persons to execute the "Acknowledgment and

3  Agreement to Be Bound" that is attached hereto as Exhibit A.

4  **12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

5  **PROTECTED MATERIAL**

6      **12.1**   The inadvertent production of any document or thing shall be without

7  prejudice to any claim that such material is protected by the attorney-client privilege

8  or protected from discovery as work-product and no Producing Party shall be held to

9  have waived any rights thereunder by inadvertent production. When a Producing Party

10  gives notice to Receiving Parties that certain inadvertently produced material is

11  subject to a claim of privilege or other protection, the obligations of the Receiving

12  Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

13  provision is not intended to modify whatever procedure may be established in an e-

14  discovery/ESI order that provides for production without prior privilege review.

15  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an

16  agreement on the effect of disclosure of a communication or information covered by

17  the attorney-client privilege or work product protection, the parties may incorporate

18  their agreement in the stipulated protective order submitted to the Court.    The

19  Receiving Party may afterward contest such claims of privilege or work product as if

20  the materials had not been produced, but shall not assert to the Court that a waiver

21  occurred as a result of the production.

22  **13.    PROSECUTION BAR**

23      **13.1**   Subject to Paragraphs 13.2 and 13.3,

24        **13.1(a)**   Absent the written consent of the Producing Party, any person

25  reviewing a Receiving Party's Protected Material that is designated "SUBJECT TO

26  PROSECUTION BAR" shall not prepare, prosecute, or assist in the preparation or

27  prosecution of any patents or patent applications relating to the subject matter of this

28  Action, including without limitation the patents asserted in this Action and any patent

1 or application claiming priority to or otherwise related to the patents asserted in this

2 Action, before any foreign or domestic agency, including the United States Patent and

3 Trademark Office.

4 **13.1(b)** The Prosecution Bar shall begin when a person first reviews an

5 opposing party's information "SUBJECT TO PROSECUTION BAR" and shall end

6 two years after Final Disposition.

7 **13.2** The Prosecution Bar restrictions herein do not apply to post-grant

8 proceedings (e.g., *ex parte* reexaminations, covered business method ("CBM")

9 reviews, *inter partes* reviews, etc.), except that in a reissue proceeding under 35

10 U.S.C. § 251 in which an implicated patent has claims with scope that qualify to be

11 broadened under 35 U.S.C. § 251(d), a person who has reviewed a Receiving Party's

12 information "SUBJECT TO PROSECUTION BAR" may not draft or amend patent

13 claims for the implicated patent in such a reissue proceeding brought by the Receiving

14 Party.

15 **13.3** The Prosecution Bar restrictions herein do not apply generally to the law

16 firms involved in these Actions, but only to the specific individuals who reviewed

17 another Party's information designated "SUBJECT TO PROSECUTION BAR." The

18 Prosecution Bar restrictions do not apply to information that does not qualify as

19 "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" or "HIGHLY

20 CONFIDENTIAL-SOURCE CODE" material described in this Section.

21 **13.4** Challenges to any prosecution-bar designation are governed by Section 7.

22 **14.  SOURCE CODE**

23 **14.1** The provisions of this section do not apply to Public Source Code.

24 **14.2** To the extent production of source code becomes necessary in this case, a

25 Producing Party may designate source code as "HIGHLY CONFIDENTIAL -

26 SOURCE CODE" if it includes confidential, proprietary or trade secret source code.

27 **14.3** Protected Material designated as "HIGHLY CONFIDENTIAL –

28 SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY

15

STIPULATED PROTECTIVE ORDER

1   CONFIDENTIAL-ATTORNEYS' EYES ONLY" information, including the
2   Prosecution Bar set forth above and the protections of this Section, and may be
3   disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL-
4   ATTORNEYS' EYES ONLY" information may be disclosed.

5       **14.4**  Source code shall be made available for inspection (not produced).

6       **14.5**  The source code shall be in a format in which it could be reasonably
7   reviewed and searched during normal business hours or other mutually agreeable
8   times upon 5 days' written notice at the Producing Party's Outside Counsel of Record
9   (for Twilio, at least Cooley's Palo Alto, Los Angeles, or Washington DC office—for
10   TeleSign, at least Shook's Kansas City or Washington DC office) or the Producing
11   Party's office (for Twilio, San Francisco—for TeleSign, Los Angeles) or at another
12   mutually agreed-upon location that is reasonably convenient for the Receiving Party
13   and any experts to whom the source code may be disclosed.  The source code shall be
14   produced as it is maintained in the ordinary course of the Producing Party's business,
15   and if the Receiving Party identifies code that is zipped or otherwise needs to be
16   extracted or unpacked, the Producing Party agrees to unzip or uncompress the code.

17       **14.6**  All persons who will review the source code on behalf of the Receiving
18   Party shall be identified in writing to the Producing Party at least seven (7) business
19   days in advance of the first time that such person reviews the source code.   The
20   Producing Party shall provide these individuals with information explaining how to
21   start, log on to, and operate the secured computer in order to access the source code on
22   the secured computer. Permission is needed from a Producing Party if a Receiving
23   Party desires to allow the Receiving Party's source code to be reviewed by more than
24   a) six Outside Counsel representing the recipient (staff members shall not be counted)
25   and b) five Experts retained by the recipient for the purpose of this Action and
26   approved to access Protected Material pursuant to Section 15 below—such permission
27   shall not be unreasonably withheld.   If one of such Outside Counsel leaves Shook,
28   Hardy & Bacon, Cooley (or other Counsel of Record), transitions roles therein, or will

STIPULATED PROTECTIVE ORDER

1  otherwise will no longer review such source code, permission need not be requested

2  but the individual must be identified.

3      **14.7**  For subsequent reviews by the same persons, the Receiving Party shall

4  give at least three business days (and at least 72 hours) notice to the Producing Party

5  of the identity of those persons who will review the source code a subsequent time.

6  Requests made at least 48 hours in advance shall be accommodated if it is not

7  burdensome to do so.

8      **14.8**  The source code shall be made available for inspection on one secured

9  computer ("Source Code Computer") in a secured room without Internet access or

10  network access to other computers.  The Receiving Party shall not copy, remove, or

11  otherwise transfer any portion of the source code onto any recordable media or

12  recordable device. The Producing Party may visually monitor the activities of the

13  Receiving Party's representatives during any source-code review, but only to ensure

14  that there is no unauthorized recording, copying, or transmission of the source code.

15      **14.9**  Upon a Receiving Party's request and with at least seven business days'

16  notice, the Producing Party shall bring the Source-Code Computer to a deposition that

17  will involve the source code so that the witness can respond to questions regarding the

18  source code during examination. Source Code shall not be captured on video.

19      **14.10** A Receiving Party may take handwritten notes regarding the Producing

20  Party's Source Code, which notes may contain any information except actual verbatim

21  copies of the Source Code.

22      **14.11** A Receiving Party may also take electronic notes using the Source Code

23  Computer, and may save those notes in a file (an "Electronic Notes File") on the

24  Source Code Computer. The Electronic Notes File may contain any information

25  except actual verbatim copies of the Source Code.  If the Receiving Party desires to

26  copy verbatim source code, that shall be done in a separate file ("Code File") on the

27  Source Code Computer.   To ensure that the Producing Party cannot access the

28  Electronic Notes File or the Code File, the Receiving Party may protect them using a

17

STIPULATED PROTECTIVE ORDER

1   password.  The Producing Party shall ensure that the Electronic Notes File and the

2   Code File are maintained on the Source Code Computer or on another agreed medium

3   in the Source Code Review Room so that they may be accessed during subsequent

4   source-code inspections.

5   **14.12** The Receiving Party shall be allowed to receive a copy of the Electronic

6   Notes File.  If requested, the Producing Party shall provide a protected version of the

7   Electronic Notes File to the Receiving Party at the completion of a source-code

8   inspection (so that the Receiving Party) may leave with it (e.g., buy putting a

9   protected version on a USB drive or other portable media).   Alternatively the

10  Producing Party, if requested, shall provide a copy of the Electronic Notes File to the

11  Receiving Party within 24 hours of the Receiving Party completing any instance of a

12  source-code inspection.   The Electronic Notes File shall be password protected or

13  encrypted before leaving the Source Code Computer. The Source Code File may not

14  be removed from the Source Code Computer.  The Receiving Party retains custody of

15  any handwritten notes (e.g., they may leave the source-code room).   All notes,

16  whether handwritten or taken electronically are subject to the same protections as the

17  Source Code itself—the extent applicable—and are accorded the protections of

18  Section 15.5.

19  **14.13** No person other than the Producing Party may alter, dismantle,

20  disassemble, or modify the secured computer in any way, or attempt to circumvent

21  any security feature of the computer.

22  **14.14** The Producing Party shall install tools that are sufficient for viewing and

23  searching the code produced, and encrypting and decrypting files (such as the

24  Producing Party's notes regarding the source code), on the platform produced, if such

25  tools exist and are presently used in the ordinary course of the Producing Party's

26  business. The Receiving Party's outside counsel, consultants, and/or experts may

27  request that commercially available software tools for viewing and searching source

28  code, and encrypting and decrypting the Receiving Party's notes regarding the source

STIPULATED PROTECTIVE ORDER

code, be installed on the secured computer, provided, however, that (a) the Receiving Party or the Producing Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools, said approval not to be unreasonably withheld; and (c) the Receiving Party reasonably believes that such software tools would assist the Receiving Party in performing its review of the Source Code consistent with all of the protections herein. Unless the requested software tools are already available to the Producing Party, the Receiving Party must provide the Producing Party with such licensed software tool(s) at least ten (10) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

**14.15** The secured computer shall include tools to reasonably facilitate an expeditions and efficient inspection of the source code. The Parties will work together in good faith to disclose information that will facilitate such efficiency. Subject to the preceding paragraph, the Receiving Party will include these tools on the source-code computer. These tools include:

**14.15(a)** a copy of Microsoft Word;

**14.15(b)** a development environment (sometimes referred to as a IDE or Integrated Development Environment), such as Microsoft Visual Studio Express, PyCharm, etc., as the case may be depending on the language of the Receiving Party's source code;

**14.15(c)** text editor such as Notepad ++; and

**14.15(d)** a search tool that allows searching across files, such as Grep or Windows Grep (as the case may be);

**14.15(e)** a copy of "Understand" by SciTools;

**14.15(f)** for a Windows environment, Cygwin (a Unix/Linux emulator) including the base packages and packages for Python and Vim; and

**14.15(g)** for non-Windows machines, Python.

**14.16**

---

19

**14.17** The Receiving Party may also have installed additional tools on reasonable notice and request, and at its own expense unless the Producing Party can have the additional tools installed at no out-of-pocket cost. The Receiving Party must provide the producing party with the CD or DVD (or download link) to any such tool(s) at least seven business days in advance of the date upon which the Receiving Party wishes to have the tool(s) available for use. Should it be necessary, other mutually agreed upon tools may be used with the Receiving Party undertaking actions to enable the same. The Producing Party may object to the use of any tool requested by the Receiving Party pursuant to this Paragraph, but must do so by notifying the Receiving Party of its objections and the reasons for its objections within three (3) business days after the reasonable written notice and request (or other reasonable period, depending on the circumstances).

**14.18** The source code shall include build files including, as applicable, make files, Microsoft Visual Studio files, build scripts, deploy scripts, ANT files and the like. If, during a Receiving Party's inspection of a Producing Party's Discovery Material the Receiving Party identifies relevant database that interact with the relevant portions of the Producing Party's source code, the Producing Party shall produce (if it has not already) schematics that clearly identify the table names, column names, default values, entry points, etc., of those databases. If it would not be unduly burdensome, the Producing Party shall provide test or sample versions of requested databases on the Source Code Computer and a program for viewing such a database (i.e., SQL client, if applicable). The Producing Party need not create such test or sample databases, but shall provide them on the Source Code computer if they already exist and are specifically requested.

**14.19** The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than

STIPULATED PROTECTIVE ORDER

1   electronically as set forth above in the first instance. The Receiving Party shall not

2   request the printing of source code solely to review blocks of source code elsewhere,

3   *i.e.*, as an alternative to reviewing that source code electronically on the Source Code

4   Computer. The Producing Party shall provide all such source code in paper form

5   including bates numbers and the label "HIGHLY CONFIDENTIAL-SOURCE

6   CODE" and "SUBJECT TO PROSECUTION BAR." A request to print more than 10

7   consecutive pages is presumptively unreasonable. Permission from a Producing Party

8   to print more than 250 total pages of source code is required, but such permission—

9   upon a showing of good cause—shall not be unreasonably withheld. The parties may

10  challenge the amount of source code requested in hard copy form pursuant to the

11  dispute resolution procedure and timeframes set forth in Section 7 above.

12      **14.20** The Producing Party will provide only one (1) printed copy of requested

13  source code unless the Receiving Party shows cause for additional printouts. The

14  Requesting Party shall not make any additional copies of such produced Source Code

15  without express written permission of the Producing Party, which permission shall not

16  be unreasonably withheld. The scope of this copying limitation in this Order does not

17  govern the handling or copying of source code for use at trial or in the preparation of

18  expert reports.

19      **14.21** Should a Receiving Party require any Source Code printouts during the

20  review, the Producing Party shall promptly and in good faith attempt to make such

21  hard copy printouts available and, if practical, with a temporary confidentiality

22  designation and Bates number for purposes of the review. All such printed copies of

23  such Source Code shall be returned to the Producing Party after such

24  contemporaneous access by the Receiving Party unless the Producing Party otherwise

25  agrees to allow the Receiving Party to retain them. The Receiving Party shall limit its

26  requests for contemporaneous access to printouts to those pages reasonably necessary

27  to conduct the Source Code review.

28      **14.22** The Receiving Party (including its experts and consultants) shall

STIPULATED PROTECTIVE ORDER

1  maintain all paper copies of any printed portions of the source code in a secured,

2  locked area.

3   **14.23**  Any paper copies used during a deposition shall be retrieved by the

4  Producing Party at the end of each day and must not be given to or left with a court

5  reporter or any other unauthorized individual. The Receiving Party shall maintain a

6  record of any individual who has inspected any portion of the Source Code in

7  electronic or paper form.

8  **15.   EXPERTS AND PROFESSIONAL JURY AND TRIAL CONSULTANTS**

9   **15.1**  Counsel for a party receiving Protected Material may not disclose any

10  material    designated    "CONFIDENTIAL,    "HIGHLY    CONFIDENTIAL-

11  ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL-SOURCE CODE" to

12  a proposed Expert or Professional Jury and Trial Consultant unless the following

13  provisions (and any other applicable provisions herein) are complied with:

14   **15.1(a)**  Counsel shall first provide a copy of this Protective Order to

15  such person, who shall sign the Agreement attached hereto as Exhibit A;

16   **15.1(b)**  At least fourteen (14) days before the first such disclosure,

17  counsel for the Receiving Party shall notify the Producing Party in writing of its intent

18  to disclose CONFIDENTIAL, HIGHLY CONFIDENTIAL-ATTORNEYS' EYES

19  ONLY, or HIGHLY CONFIDENTIAL-SOURCE CODE discovery material to such

20  person.

21   **15.1(c)**  The notice shall include (1) an executed copy of the "Exhibit

22  A" Agreement, (2) a copy of such person's most recent curriculum vitae, (3) an

23  identification of all such person's past and present employment and/or consulting

24  relationships for the last four years, (4) a listing of cases in which the witness has

25  testified as an expert at trial or by deposition within last four years (and for whom);

26  and (5) an indication of whether the person is a current officer, director, or employ of

27  a Party or anticipates, at the time of retention, to become an officer, director, or

28  employee of a Party if either applies.

STIPULATED PROTECTIVE ORDER

1    **15.2**  If the Producing Party objects to the disclosure of CONFIDENTIAL,

2    HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, or HIGHLY

3    CONFIDENTIAL-SOURCE CODE material to such person, the Producing Party

4    shall notify counsel for the Receiving Party in writing of the Producing Party's

5    objection(s) within the fourteen (14) days of receiving the notice. Any objection must

6    be made for good cause, stating with particularity the reasons for the objection.

7    **15.3**  Should the Receiving Party disagree with the basis for the objection(s),

8    the parties must first attempt to resolve the objection(s) informally. If the informal

9    efforts do not resolve the dispute within five (5) business days of the Producing

10    Party's objection, the Producing Party seek redress from the Court, including seeking

11    protective order, moving to disqualify the objected to person, or making a submission

12    to the Court in accordance with the Court's discovery dispute procedures, including

13    L.R. 37-1 and L.R. 37-2. Pending a ruling by the Court upon any such objection(s),

14    the CONFIDENTIAL, HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, or

15    HIGHLY CONFIDENTIAL-SOURCE CODE material may not be disclosed to the

16    person objected to by the Producing Party.

17    **15.4**  Nothing herein prevents a Party from subsequently objecting to

18    disclosure of Protected Material to an expert (or any person) if such a Party later (even

19    if after originally not objecting) learns of a basis for so objecting.

20    **15.5**  As stipulated in the Parties' Original Rule 26(f) Report, the following

21    communications and materials relating to expert witnesses and consultants retained by

22    the parties in connection with this action shall not be subject of discovery or inquiry at

23    trial: (a) draft of any expert disclosures or analysis (including reports, declarations,

24    affidavits, or any other form of testimony); (b) communications, whether written or

25    oral, between or among any expert, consultant and/or counsel for the party retaining

26    said expert; (c) notes or preparatory materials taken by or on behalf of any expert; (d)

27    emails, lists, agendas, outlines, memoranda, presentations, and letters, whether in draft

28    or any other form, that are provided to, or by or on behalf of, any expert; (e) any other

23

1    types of preliminary work product created by or on behalf of any expert; and (f) any

2    other material that would not be discoverable under Federal Rule of Civil Procedure

3    26(b)(4). The foregoing exemptions shall not apply to any communications or

4    materials, including those listed above, on which any expert, in any disclosure,

5    expressly relies as a basis for an opinion. Such communications or materials shall be

6    subject to discovery and inquiry at trial. Communications and materials exempt from

7    discovery under this provision shall be treated as attorney work product, and need not

8    be listed on any privilege log.

9    **16. MISCELLANEOUS**

10    **16.1 Right to Further Relief**. Nothing in this Order abridges the right of any

11    person to seek its modification by the Court in the future.

12    **16.2 Right to Assert Other Objections**. By stipulating to the entry of this

13    Protective Order no Party waives any right it otherwise would have to object to

14    disclosing or producing any information or item on any ground not addressed in this

15    Stipulated Protective Order. Similarly, no Party waives any right to object on any

16    ground to use in evidence of any of the material covered by this Protective Order.

17    **16.3 Filing Protected Material**. A Party that seeks to file under seal any

18    Protected Material must comply with Civil Local Rule 79-5. Protected Material may

19    only be filed under seal pursuant to a court order authorizing the sealing of the

20    specific Protected Material at issue. If a Party's request to file Protected Material

21    under seal is denied by the Court, then the Receiving Party may file the information in

22    the public record unless otherwise instructed by the Court.

23    **17. FINAL DISPOSITION**

24    **17.1** After the Final Disposition of this Action, within 60 days of a written

25    request by the Designating Party, each Receiving Party must return all Protected

26    Material to the Producing Party or destroy such material. As used in this subdivision,

27    "all Protected Material" includes all copies, abstracts, compilations, summaries, and

28    any other format reproducing or capturing any of the Protected Material. Whether the

1    Protected Material is returned or destroyed, the Receiving Party must, if requested,

2    submit a written certification to the Producing Party (and, if not the same person or

3    entity, to the Designating Party) by the 60 day deadline that (1) identifies (by

4    category, where appropriate) all the Protected Material that was returned or destroyed

5    and (2) affirms that the Receiving Party, to the best of its knowledge and subject to the

6    provisions of this Section, has not retained any copies, abstracts, compilations,

7    summaries or any other format reproducing or capturing any of the Protected Material.

8    Despite this provision, Counsel are entitled to retain a copy of all pleadings, motion

9    papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,

10   deposition and trial exhibits, expert reports, attorney work product, and consultant and

11   expert work product, even if such materials contain Protected Material. Any such

12   copies that contain or constitute Protected Material remain subject to this Protective

13   Order as set forth in the DURATION section above, and L.R. 79.

14       **17.2**   Any party may move the Court to amend any provision of this Order for

15   good cause.  Further, the Parties acknowledge the Parties have not been informed,

16   prior to entering into this Protective Order, about the volume, characteristics, or nature

17   of any information that may be designated "CONFIDENTIAL" or "HIGHLY

18   CONFIDENTIAL-ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL-

19   SOURCE CODE."

20       **17.3**   Any violation of this Order may be punished by any and all appropriate

21   measures including, without limitation, contempt proceedings and/or monetary

22   sanctions.

23

24

25   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

26

27

28

25

STIPULATED PROTECTIVE ORDER

Dated:  February 2, 2016                          By: /s/ Mary Jane Peal

Gary Miller (pro hac vice)
(gmiller@shb.com)
Jesse Camacho (pro hac vice)
(jcamacho@shb.com)
Mary Jane Peal (pro hac vice)
(mpeal@shb.com)
Janet L. Hickson (SBN 198849)
Tony M. Diab (SBN 277343)
SHOOK, HARDY & BACON L.L.P.
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, California 92614
Telephone:  949.475.1500
Facsimile:   949.475.0016

Attorneys for Plaintiff
TELESIGN CORPORATION

Date:  February 2, 2016                            By: /s/ Thomas J. Friel, Jr.

Thomas J. Friel, Jr.
(tfriel@cooley.com)
Reuben H. Chen
(rchen@cooley.com)
Carrie J. Richey
(crichey@cooley.com)
Dena Chen
(dchen@cooley.com)
Cooley LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
650-843-5000

Wayne O. Stacy
(wstacy@cooley.com)
Cooley LLP
380 Interlocken Crescent
Suite 900
Broomfield, CO  80021-8023
720-566-4125

Attorneys for Defendant
TWILIO INC.

STIPULATED PROTECTIVE ORDER

1   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

2   DATED:

3   2/3/16

4   [signature]

5   Hon. Suzanne H. Segal
6   United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type address], declare that I have

read and understand my obligations under the Stipulated Protective Order that was

issued by the United States District Court for the Central District of California on

[date] in the case of *TeleSign Corporation v. Twilio Inc.*, Case No. 15-3240-PSG-SS.

I agree to comply with and to be bound by all the terms of this Stipulated Protective

Order. I understand that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order

to any person or entity except in strict compliance with the provisions of this Order. I

further agree to submit and do hereby submit to the jurisdiction of the United States

District Court for the Central District of California for the purpose of enforcing the

terms of this Stipulated Protective Order, even if such enforcement proceedings occur

after termination of this action.


Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____

STIPULATED PROTECTIVE ORDER